## CIRCUIT COURT OF FAIRFAX COUNTY

Pedro Cuevas

v.

Blamir Idaly Cuevas

June 1, 2010

Case No. CL-2007-6974

BY JUDGE ROBERT J. SMITH

This matter came before the Court on Plaintiff's motion to dismiss the income withholding order issued by Puerto Rico to garnish Plaintiff's wages in Virginia. After considering the oral and written arguments provided in this case and reviewing the applicable legal authority, I find that Puerto Rico did not have the authority under the Uniform Interstate Family Support Act (UIFSA) to modify the divorce decree issued by Virginia and to enter an income withholding order because Defendant was a resident of Puerto Rico when she asked for such a modification.

*Background*

The parties divorced on August 29, 2007. At the time of the divorce, Plaintiff resided in and was a domiciliary of Virginia. Defendant and the parties' three minor children resided in Puerto Rico. The divorce decree ordered Plaintiff to pay child support in the amount of $545.29 every other week.

In June 2008, after the entry of the divorce decree, Plaintiff moved to North Carolina. On March 1, 2009, Defendant applied for a modification of child support in the Administration for Child Support in Puerto Rico. The hearing on the matter was held on September 15, 2009,

and Plaintiff allegedly appeared at the hearing. The Puerto Rico court entered a modification order on October 2, 2009. On December 8, 2009, the Puerto Rico court issued an income withholding order, directing Plaintiff's Virginia employer to garnish Plaintiff's wages for child support withholdings. The income withholding order was registered in this Court, and on March 15, 2010, Plaintiff filed the instant motion to dismiss the income withholding order. Plaintiff's motion to dismiss essentially raised two issues: (1) whether Puerto Rico had personal jurisdiction over Plaintiff when it entered the modification order; and (2) whether the modification was proper under UIFSA.

## Analysis

### A. *Puerto Rico's Personal Jurisdiction over Plaintiff*

First, Plaintiff argues that Puerto Rico violated the Full Faith and Credit Child Support Orders Act by registering the divorce decree without jurisdiction over Plaintiff. Plaintiff bases his argument on the fact that, for the duration of the proceedings in question, he was never a resident of Puerto Rico.

The Full Faith and Credit Child Support Orders Act, codified at 28 U.S.C. § 1738B, states in pertinent part:

> *Registration for modification.* If there is no individual contestant or child residing in the issuing State, the party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another State shall register that order in a State with jurisdiction over the nonmovant for the purpose of modification.

28 U.S.C. § 1738B(i)(2010).

Since neither party was a resident of the issuing state, Virginia, the divorce decree had to be registered in a state with personal jurisdiction over Plaintiff in order for child support modification to be feasible. The crux of Plaintiff's argument is that Plaintiff, a resident of North Carolina, was not subject to personal jurisdiction in Puerto Rico. However, under UIFSA, a person submits to personal jurisdiction of a state by entering a general appearance therein. UIFSA § 201. Thus, since Plaintiff appeared at the September 15, 2009, hearing on the issue of child support modification in Puerto Rico, he subjected himself to personal jurisdiction in that state.

Consequently, the divorce decree was registered in a state (Puerto Rico) with personal jurisdiction over the nonmovant (Plaintiff), as is required by the Full Faith and Credit Child Support Orders Act.

B. *Puerto Rico's Authority To Modify the Child Support Obligation under UIFSA*

Plaintiff next contends that Puerto Rico did not have the authority to modify the Virginia child support obligation because all of the requirements for modification under section 611 of the UIFSA had not been met. Section 611 reads as follows:

> (a) After a child-support order issued in another State has been registered in this State, the responding tribunal of this State may modify that order only if Section 613 does not apply and, after notice and hearing, it finds that:
> (1) the following requirements are met:
> (i) the child, individual obligee, and the obligor do not reside in the issuing State;
> (ii) a [petitioner] who is a nonresident of this State seeks modification; and
> (iii) the [respondent] is subject to personal jurisdiction in the tribunal of this State. . . .

UIFSA § 611; *see also* 8 L.P.R.A. § 547b (2009); Va. Code Ann. § 20-88.76 (1950).

Section 613 does not apply here because the parties are not residents of the same state. "If all of the parties who are individuals reside in this State and the child does not reside in the issuing State, a tribunal of this State has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order." UIFSA § 613. For the purpose of clarity, it is understood that "the issuing State" in the instant case is Virginia and "this State" is Puerto Rico. The divorce decree was registered in Puerto Rico. The minor children and both parties are no longer residents of Virginia. As was discussed in the previous section, Puerto Rico had personal jurisdiction over Plaintiff when he made a general appearance at the September 15, 2009, hearing. The only remaining issue is whether subsection (a)(1)(h) of section 611 is satisfied.

Subsection (a)(1)(ii) is unambiguous and case law reinforces its plain meaning. *See, e.g., Van Dyke v. Van Dyke*, 50 Va. Cir. 604, 612

(Fairfax, 1998) (holding that a resident of Pennsylvania could not seek modification of child support in Pennsylvania under this section). Likewise in this case, Defendant, who is a resident of Puerto Rico, is barred from seeking modification in Puerto Rico under section 611.

Since Defendant has failed to satisfy all of the requirements of section 611, modification of the child support obligation by Puerto Rico was not warranted, and the resulting income withholding order should be dismissed.

## C. *Attorney's Fees and Sanctions*

Plaintiff claims that Defendant must pay Plaintiff's attorney's fees according to the parties' Property Settlement Agreement (PSA). Paragraph 23 of the PSA states that any costs incurred by a party in enforcing provisions of the PSA will be borne by the defaulting party. This Court finds that Defendant is not a defaulting party and that each party is responsible for his or her costs and fees.

Likewise, sanctions are denied.

Lastly, Plaintiff asks that this Court request Puerto Rico to vacate its income withholding order and enforce the original divorce decree. Plaintiff cites Va. Code. Ann. § 20-88.40 as the source of this authority. However, the cited section does not grant the authority to request that an order be vacated, only that it be enforced where no modification has taken place. Since Puerto Rico modified the Virginia divorce decree, this section is inapplicable.

Having examined the relevant statutes and case law regarding this issue, I conclude that the Commonwealth of Puerto Rico did not have jurisdiction under UIFSA to modify the Virginia divorce decree because the party requesting modification was, and has been, a resident of Puerto Rico.

For the reasons stated above, I order dismissal of the income withholding order issued by Puerto Rico on December 8, 2009. Each party to this dispute is further ordered to bear his or her own costs.